UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| APRIL BOYKE, | ) |
| Plaintiff, | ) |
| | ) No. 4:08CV01857 FRB |
| v. | ) |
| | ) |
| CELADON TRUCKING SERVICES, INC. and KERA MORTON, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently before this Court is plaintiff April Boyke's ("plaintiff") Motion for Remand, filed pursuant to 28 U.S.C. § 1447. (Docket No. 6/filed December 9, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

On September 24, 2007, plaintiff filed her Petition against defendants Celadon Trucking Services, Inc. ("Celadon") and Kera Morton (collectively "defendants") in the Associate Division of the Circuit Court for St. Louis County, Missouri ("Associate Division"). Therein, plaintiff sought compensation in an amount less than $25,000.00 for property damage sustained in an automobile accident involving plaintiff and Ms. Morton, Celadon's employee, who had been driving Celadon's semi-trailer truck. On July 18,

1

2008, plaintiff filed a First Amended Petition, adding a count for personal injury. (Docket No. 1-2 at 53-55.) On July 29, 2008, defendants consented to the filing of the First Amended Petition, and on August 1, 2008 filed Answers thereto. (Id. at 43-48.) On November 3, 2008, the parties jointly moved to transfer the case from the Associate Division because the amount in controversy exceeded $25,000.00. (Docket No. 1-2 at 4.) On that same date, Associate Circuit Judge Mary Elizabeth Ott granted the parties' joint motion, and the case was transferred to the Circuit Court. Id.

On December 2, 2008, defendants filed a Notice of Removal, seeking to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332. (Docket No. 1.) Seven days later, plaintiff filed the instant Motion for Remand based upon 28 U.S.C. § 1447, arguing that defendants' removal notice was untimely under 28 U.S.C. § 1446(b). In support, plaintiff argues that defendants filed their Notice of Removal more than thirty days after it became ascertainable that the action was removable, and more than one year after the action commenced in state court.

Defendants argue that the provision of § 1446(b) limiting removal to one year following the commencement of an action is procedural rather than jurisdictional, and is therefore subject to equitable tolling and exception. Defendants note that there is currently disagreement among the circuits on this issue, citing this Court to a recent decision from this district court holding

that the one-year limitation was "absolute" and established a jurisdictional requirement not subject to equitable tolling;[1] and decisions from the Fifth and Third circuits holding that it is procedural and can be waived.[2]

Defendants note, however, that they are not relying "on equitable tolling because of an impermissible attempt to manipulate the forum although the weight of authority certainly supports such relief." (Defendants' Reply Memorandum, Docket No. 10 at 5.) Defendants argue that their removal notice was timely "based on the clear wording of § 1446(b)." Id. Defendants argue that the case was not removable under § 1332 until it was transferred from the Associate Division, and they filed their Notice of Removal within thirty days of such transfer. (Id. at 5-6.) Defendants also suggest that the one year time limitation begins when the case becomes removable, not when the case commences. (Id. at 6.) For the following reasons, defendants' arguments are unavailing.

## II. Legal Analysis

As the party seeking removal and opposing remand, defendants have the burden of establishing federal jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Doubts concerning federal jurisdiction should be

---

[1]That decision was Advanta Technology Limited v. BP Nutrition, Inc., 2008 WL 4169700 (E.D. Mo. 2008) (4:08CV00612 ERW).

[2]The cases defendants cite are Barnes v. Westinghouse Electric Corporation, 962 F.2d 513 (5th Cir. 1992); Tedford v. Warner-Lambert, 327 F.3d 423 (5th Cir. 2003); and Ariel Land Owners, Inc. v. Dring, 351 F.2d 611 (3rd Cir. 2003).

resolved in favor of remand.  Id.  A civil action may be removed to federal court when the federal court would have had original jurisdiction.  28 U.S.C. § 1441.  This Court has original jurisdiction over civil actions in which the parties are diverse, and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.

Section 1446 of Title 28 establishes the procedure for removal.  Relevant to the instant case is section 1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b) (emphasis added).

In sum, the second paragraph of § 1446(b) recognizes that, while an action as originally filed may not be removable, a

4

subsequent event may make it so. Via the second paragraph, a new 30-day period in which removal may be sought begins to run following receipt of a pleading or other paper manifesting removability. However, in cases such as the one at bar, when removal is sought on the basis of jurisdiction conferred by 28 U.S.C. § 1332, the second paragraph places a one-year "outer limit" on removal, measured from the date the action commenced.

Defendants first argue that the case was not actually removable until it was transferred from the Associate Division on November 3, 2008, inasmuch as recovery in cases in the Associate Division is limited to $25,000.00. Defendants' argument is unavailing. Section 1446(b) provides that a removal notice must be filed within thirty days of the defendant's receipt of a document "from which it may first be ascertained that the case is one which is or has become removable". 28 U.S.C. § 1446(b). In the case at bar, removability was first ascertainable when plaintiff filed her First Amended Petition, adding a claim for personal injury, thereby increasing the value of the case beyond the jurisdiction of the Associate Division and, as defendants would argue, to the requisite level for federal jurisdiction.[3] Despite being alerted to the potential for federal jurisdiction, however, defendants waited until November before taking any action (moving at that time

---

[3] The undersigned herein makes no finding regarding whether the amount in controversy exceeds $75,000.00, or whether this matter would actually be removable to this Court were the removal notice timely filed. Neither party herein asserts any arguments on this issue.

jointly with plaintiff for transfer to the Circuit Court), and even then did not file their Notice of Removal until December. The fact that the matter remained in the Associate Division, where recovery was limited to $25,000.00, does not change the fact that defendants were first able to ascertain that the matter had potentially become removable when they received the First Amended Petition, and could have filed their removal notice at that time.

Even if defendants' removal notice could be considered timely based upon the argument they assert above, their removal notice would be untimely under § 1446(b) because it was filed more than one year after the matter commenced in state court. Citing no authority, defendants suggest that this case actually commenced when it was transferred from the Associate Division, and the one-year time period of § 1446(b) began then. As this district court has previously noted, however, the one-year period begins when the complaint is filed. <u>Lytle v. Lytle</u>, 982 F.Supp. 671, 674 (E.D. Mo 1997). Missouri law also provides that an action "commences" when a petition is filed with the court, Mo. Sup. Ct. R. 53.01, and the Missouri Supreme Court, considering the issue of whether a civil case was timely filed, held that a civil action is "commenced" when a petition is filed with the court. <u>Bailey v. Innovative Management & Inv., Inc.</u>, 890 S.W.2d 648, 650 (Mo. 1994).

The case at bar, therefore, commenced in Missouri state court on September 24, 2007, when plaintiff filed her Petition with the court. Defendants therefore had until September 24, 2008 to

6

remove the matter to this court on the basis of jurisdiction conferred by § 1332. Defendants did not do so, and their removal notice is therefore untimely under § 1446(b). As the Lytle court noted, the language of § 1446(b) is unambiguous, and plainly prohibits diversity-based removal of actions that commenced in state court more than one year prior to removal. Lytle, 982 F.Supp. at 674.

Defendants next argue that the one-year time limit of § 1446(b) is procedural, rather than jurisdictional, and can therefore be waived. As defendants correctly note, there is currently division between the circuits on this issue; however, this issue is generally relevant in cases in which the plaintiff either fails to timely file a motion to remand asserting that removal is untimely pursuant to § 1446(b),[4] or in cases in which the plaintiff has engaged in conduct designed to manipulate the forum. In fact, untimely motions to remand and forum manipulation are the factual situations addressed by the courts in the Fifth and Third Circuit cases defendants cite in their Memorandum. In Barnes v. Westinghouse Elec. Corp., the defendant removed an action more than one year following commencement, and the plaintiff filed a timely motion to remand, but failed to argue that removal was

---

[4]Section 1447(c) of Title 28 provides that if there is a procedural defect in the removal process (such as untimeliness), the plaintiff must move to remand within 30 days of the filing of the Notice of Removal, or the defect is waived. If, however, the defect goes to jurisdiction, the plaintiff may move to remand at any time before final judgment.

7

procedurally defective under the one-year limit of § 1446(b). 962 F.2d 513. In a motion filed more than one year later, the plaintiff attempted to argue this ground for remand, but the district court denied the motion. Id. at 515-16. The Fifth Circuit affirmed the denial, holding that the one-year limit of § 1446(b) was procedural, and therefore waived if not timely asserted. Id. at 517. In Tedford v. Warner-Lambert Co., the Fifth Circuit held that, where a plaintiff has attempted to manipulate the rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended. 327 F.3d at 426-27. Finally, in Ariel Land Owners, Inc. v. Dring, the Third Circuit held that failure to remove within the one-year time limit established by § 1446(b) is procedural, not jurisdictional, and a district court therefore has no authority to order remand on that basis absent a timely-filed motion to remand. 351 F.3d at 614.

None of the foregoing situations are present here. As noted above, plaintiff timely filed the instant Motion for Remand, arguing that removal was untimely pursuant to § 1446(b). Furthermore, defendants specifically state that they are not alleging that plaintiff has attempted to manipulate the forum,⁵ and they present no facts or argument to this Court explaining why

---

⁵Examination of the instant record reveals no such misconduct on plaintiff's part. Plaintiff originally filed this action on September 24, 2007, and filed their First Amended Petition, the document giving rise to removability, on July 18, 2008, giving defendants ample time to file their Notice of Removal within one year of the commencement of the action.

8

tolling or equitable remedy should apply in this case, stating that they "believe they are on more solid ground based on the clear wording of § 1446(b)." (Docket No. 10 at 5.) The undersigned therefore determines that the case at bar presents no situation demanding the resolution of this issue in defendants' favor.

Finally, plaintiff, in her Motion for Remand, requests that this Court award attorney's fees and costs. Plaintiff does not, however, assert any argument in support of her request. Upon consideration of the matter, the undersigned concludes that an award of attorney's fees and costs is unwarranted.

Upon remand to state court, the district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for determining whether to award fees under § 1447(c) turns on the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. The district courts retain discretion when deciding whether to award fees under § 1447(c). Id.

While an examination of § 1446(b) should certainly have given defendants pause before seeking to remove at such a late date, plaintiff does not argue, nor does the record support, that defendants lacked an objectively reasonable basis for seeking removal. The issues involved herein were thoroughly briefed by

9

both parties, and plaintiff filed a reply memorandum to defendants' opposition to her Motion for Remand, offering contrary and ultimately successful argument to this Court, but no facts or argument that defendants lacked an objectively reasonable basis for seeking removal. The undersigned cannot say with certainty that defendants lacked an objectively reasonable basis for seeking removal, and therefore concludes that an award of fees and costs is unwarranted.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Remand (Docket No. 6) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Remand is **GRANTED** to the extent plaintiff requests that this matter be remanded to the Circuit Court for St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Remand is **DENIED** to the extent plaintiff requests an award of fees and costs.

**IT IS FURTHER ORDERED** that this cause is hereby remanded to the Circuit Court of St. Louis County, Missouri, for all further proceedings.

_Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of May, 2009.